IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 3:13-CR-350-K |
| | § | |
| SANDY JENKINS | § | |

**AGREED MOTION FOR
PRE-SENTENCE PAYMENT TOWARD RESTITUTION**

Pursuant to 18 U.S.C. §§ 3663A-3664, and 28 U.S.C. §§ 1651, 2041 and 2042, the

United States of America ("the government") moves this Court for an order directing the

Clerk of the Court to accept pre-sentence payments toward the financial obligations to be

imposed, and in support states as follows:

1.      Defendant, Sandy Jenkins, has been charged in a 10-count indictment with mail

fraud in violation of 18 U.S.C. § 1341 for a massive embezzlement scheme that caused a

multi-million dollar loss to Jenkins' former employer, The Collin Street Bakery (CSB),

the victim in this case.

2.      The parties agree that upon conviction, pursuant to 18 U.S.C. §§ 3663A-3664, the

Court must order defendant to make restitution in the full amount of the victim's losses.[1]

Jenkins acknowledges his intent to plead guilty, and while the parties negotiate the terms

---

[1] The Mandatory Victim Restitution Act (MVRA) does not limit a victim's ability to recover losses apart from the criminal restitution ordered. *See, e.g., United States v. Havens*, 424 F.3d 535, 538 (7th Cir. 2005) (some damages and costs recoverable in a civil action do not qualify as losses under the MVRA); *United States v. Scott,* 405 F.3d 615, 618-19 (7th Cir. 2005) (criminal restitution is less generous than common law damages); and *United States v. Seward,* 272 F.3d 831, 839 (7th Cir.2001) (restitution excludes consequential or incidental damages). However, the MVRA requires that defendants receive credit toward restitution for amounts recovered by their victims as compensatory damages *for the same loss* in a civil proceeding. 18 U.S.C. § 3664(j)(2) (emphasis added).

**Agreed Motion for Pre-Sentence Payment – Page 1**

and conditions of a plea agreement, Jenkins wishes to immediately begin payment toward the criminal financial obligations to be imposed at the time of sentencing.

3.      Jenkins acknowledges that making restitution to CSB is in his interest, and it is his intention that the liquidation of assets and distribution of the proceeds to CSB should proceed as expeditiously as possible according to law.  Jenkins further acknowledges that the government will exercise its discretion in election of all available remedies in forfeiture and/or restitution to maximize asset recovery for the benefit of the victim in this case.

4.      To that end, the defendant's attorney agrees to remit $190,000 to the Clerk of the Court, and to deliver two luxury watches that he received from Jenkins to the Federal Bureau of Investigation, Dallas Division (FBI), on or before October 30, 2013.  Further, the defendant's attorney agrees to provide a continuous and full accounting, in writing, detailing all funds and items of value paid to him, directly or indirectly, by or on behalf of Jenkins at all times relevant to this proceeding.  The first such written accounting shall be provided to the government on or before October 30, 2013.  Additional non-privileged information shall be produced upon request by the government.

5.      Jenkins or his attorney shall submit all payments by cash, cashier's check, or money order made payable to the Clerk of the Court with 3:13-CR-350-K noted on each payment mailed or delivered to:

    Clerk of the Court for the Northern District of Texas
    1100 Commerce Street, 14th Floor
    Dallas, Texas 75242

**Agreed Motion for Pre-Sentence Payment – Page 2**

6.    Pursuant to 28 U.S.C. § 2041, the Clerk of Court is authorized to accept and hold such funds on behalf of the defendant until the time of sentencing.  For the benefit of the victim, the government requests that all funds receipted from the defendant or his attorney be deposited into an interest-bearing account in the court's registry until further order.

7.    Further, pursuant to 28 U.S.C. § 2042, the United States requests that upon the entry of a criminal judgment in this case, the Clerk of the Court is to withdraw and apply any funds on deposit in the registry to the criminal financial obligations imposed against the defendant.

8.    The Court has the discretion to order the requested relief pursuant to the All Writs Act, 28 U.S.C. § 1651, which states that "all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." *Id.*

9.    The FBI shall hold the watches and any other items of personal property seized or otherwise turned over to it during the course of investigation in evidence pending further notice from the United States Attorney's Office or court order.

10.    The United States has conferred with counsel for defendant, who has agreed to the requested order in aid of the ongoing plea negotiations of the parties.

11.    The United States Attorney's Office neither represents the Internal Revenue Service, nor alleges any tax advice in this matter, and nothing in this motion shall limit or in any way waive or release any administrative or judicial civil claim, demand, or cause of action, whatsoever, of the United States or its agencies.

**Agreed Motion for Pre-Sentence Payment – Page 3**

12.     The only parties to this criminal case are the United States and the defendant. The United States Attorney's Office does not represent the victim, however, in accordance with the Crime Victim Rights Act (CVRA), 18 U.S.C. § 3771, it will use its best efforts to afford all CVRA rights to CSB in this matter, including the rights to confer with the attorneys for the government, to be reasonably heard by the Court regarding plea and sentencing, and to full and timely restitution as provided in law.  *See* 18 U.S.C. § 3771(a).

WHEREFORE, the United States moves this court for an order directing:

The Clerk of the Court to accept pre-sentence payments to be held on deposit in an interest-bearing account in the court's registry until further order;

The defendant's attorney to remit $190,000 to the Clerk of the Court, and to deliver two luxury watches received from Jenkins to the FBI no later than October 30, 2013;

The FBI to hold the watches and any other items of personal property seized or otherwise turned over to it during the course of investigation in evidence pending further notice from the United States Attorney's Office or court order; and

**Agreed Motion for Pre-Sentence Payment – Page 4**

The defendant's attorney to provide to the government a detailed written accounting of all funds and items of value paid to him, directly or indirectly, by or on behalf of Jenkins at all times relevant to this proceeding by October 30, 2013.

Respectfully submitted,

SARAH R. SALDAÑA
UNITED STATES ATTORNEY


*/s/ Melissa A. Childs*
MELISSA A. CHILDS
Assistant United States Attorney
Illinois Bar No. 6273797
1100 Commerce Street, Third Floor
Dallas, TX 75242-1699
Telephone: 214.659.8600
Facsimile: 214.659-8812
melissa.childs@usdoj.gov

**AGREED:**


*/s/ Brett B. Stalcup (by email)*
Brett B. Stalcup
Texas State Bar Number:  19011800
3615 N. Hall Street
Dallas, Texas 75219
Telephone:  (214) 219-1000
Fax:  (214) 219-1003
E-mail:  bstalcup@stalcuplaw.com
Attorney for the Defendant,
Sandy Jenkins

**Agreed Motion for Pre-Sentence Payment – Page 5**

## CERTIFICATE OF SERVICE

The undersigned Assistant United States Attorney certifies that in accordance with Fed. R. Civ. P. 5, LR 5.1, and Fed. R. Crim. P. 49, LCrR 49.2, and the Miscellaneous Order on Electronic Case Filing (ECF), the following document:

United States' Agreed Motion for Pre-Sentence Payment

was served on October 21, 2013 pursuant to the district court's ECF system as to ECF filers.

*s/ Melissa A. Childs*
Melissa A. Childs
Assistant United States Attorney

**Agreed Motion for Pre-Sentence Payment – Page 6**