

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAR 1 2 2014

CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Case No. 3:13-CR-350-K |
| | § | |
| SANDY JENKINS (1) | § | [Supersedes Indictment returned on |
| KAY JENKINS (2) | § | September 11, 2013] |

## SUPERSEDING INDICTMENT

The Grand Jury Charges:

At all times material to this Superseding Indictment, unless otherwise indicated:

1. The Collin Street Bakery ("Bakery") was a family-owned-and-operated business with headquarters located in Corsicana, Navarro County, Texas, in the Northern District of Texas. The Bakery was established in 1896 and has several retail locations in Texas and is best known for its mail-order fruitcake business.

2. Defendant **Sandy Jenkins** was the corporate controller for the Bakery from approximately February 1998 to on or about June 21, 2013.

3. Defendant **Kay Jenkins** was Sandy Jenkins's spouse.

### SCHEME AND ARTIFICE TO DEFRAUD

4. Beginning in at least December 2004 and continuing until on or about June 21, 2013, **Sandy Jenkins**, in his capacity as corporate controller for the Bakery, devised a scheme to defraud the Bakery by embezzling funds for his own self-enrichment and caused the use of the United States Postal Service in furtherance of the scheme.

5. It was part of the scheme and artifice to defraud that **Sandy Jenkins**

prepared and printed checks on the Bakery's bank account with the electronic signature of the Bakery's president.

6.    It was further part of the scheme and artifice to defraud that **Sandy Jenkins** accessed the Bakery's computerized accounting system and created checks payable to **Sandy Jenkins's** personal creditors from the Bakery's account at Community National Bank & Trust of Texas.

7.    It was further part of the scheme and artifice to defraud that **Sandy Jenkins** made material false entries in the Bakery's computerized accounting system purporting to show that the checks payable to **Sandy Jenkins's** personal creditors had been "voided."

8.    It was further part of the scheme and artifice to defraud that **Sandy Jenkins** mailed the checks to his personal creditors using the United States Postal Service for **Sandy Jenkins's** personal benefit.

9.    It was further part of the scheme and artifice to defraud that **Sandy Jenkins**, in order to keep the Bakery's accounting records in balance and to disguise his fraudulent activity, accessed the Bakery's computerized accounting system and made a material, false entry in that he created a check in the accounting system to an approved vendor for the same amount as the check made payable to **Sandy Jenkins's** personal creditor.

10.    Between 2005 and 2013, **Sandy Jenkins** caused approximately 888 fraudulent checks to be written on the Bakery's account and mailed to **Sandy Jenkins's** personal creditors, resulting in losses to the Bakery of approximately $16,649,786.91.

Counts One through Ten
Mail Fraud
(Violation of 18 U.S.C. § 1341)

11.    The Grand Jury realleges and incorporates by reference the allegations contained in Paragraphs 1-10 of this Superseding Indictment as if fully set forth herein.

12.    On or about the dates indicated below, for each count below, within the Northern District of Texas, Dallas Division, the defendant, **Sandy Jenkins**, for the purpose of executing and attempting to execute the aforesaid scheme and artifice to defraud, and to obtain money by means of materially false and fraudulent pretenses, representations, and promises, knowingly caused to be delivered by the United States Postal Service and private interstate carriers, according to the directions thereon, an envelope containing checks made payable to **Sandy Jenkins's** personal creditors, mailed from the Bakery in Corsicana, Texas, to the entities identified below for the amounts described below, each such mailing constituting a separate count of this Indictment:

| Count | Date | Payee | Amount |
|---|---|---|---|
| 1 | 1/13/2011 | Bank of America | $20,000.00 |
| 2 | 3/1/2011 | Citi Cards | $19,737.98 |
| 3 | 2/1/2012 | Citi Cards | $16,636.44 |
| 4 | 5/2/2012 | BAC H/L Servicing, LP | $5,000.00 |
| 5 | 9/4/2012 | Citi Cards | $20,921.61 |
| 6 | 10/30/2012 | American Express | $31,649.35 |
| 7 | 12/3/2012 | Capital One | $19,001.50 |
| 8 | 12/17/2012 | Bank of America | $18,540.00 |
| 9 | 1/14/2013 | American Express | $33,216.74 |
| 10 | 2/7/2013 | Capital One Bank | $18,998.50 |

All in violation of 18 U.S.C. § 1341.

## Count Eleven
### Conspiracy to Commit Money Laundering
### (Violation of 18 U.S.C. § 1956(h) (18 U.S.C. § 1957))

13. The Grand Jury realleges and incorporates by reference the allegations contained in Paragraphs 1-12 of this Superseding Indictment as if fully set forth herein.

14. Starting at least as early as December 2004, and continuing through on or about August 12, 2013, in the Northern District of Texas, and elsewhere, the defendants, **Sandy Jenkins** and **Kay Jenkins**, did unlawfully and knowingly combine, conspire, confederate, and agree with each other to commit certain offenses against the United States, to wit, to knowingly engage and attempt to engage in monetary transactions by, through, or to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, that is, funds unlawfully embezzled by **Sandy Jenkins** from the Bakery, as set forth in Paragraphs 4 through 10 of this Superseding Indictment, in violation of 18 U.S.C. § 1957, all in violation of 18 U.S.C. § 1956(h).

### Manner and Means

15. Starting at least as early as December 2004, and continuing through August 12, 2013, **Sandy Jenkins** and **Kay Jenkins** maintained an extensive and lavish lifestyle, which included a vacation home in Santa Fe, New Mexico, a multi-million dollar watch and jewelry collection, luxury automobiles, and numerous trips on private jets, among other things, that was funded with money **Sandy Jenkins** stole from the Bakery as set forth in Paragraphs 4 through 10 of this Superseding Indictment.

16. In furtherance of the conspiracy, **Sandy Jenkins** and/or **Kay Jenkins**

**Superseding Indictment – Page 4 of 20**

maintained checking and savings bank accounts with at least the following financial institutions, each of which had its deposits insured by the Federal Deposit Insurance Corporation at all relevant times: Bank of America, N.A.; Century Bank, F.S.B.; JP Morgan Chase Bank, N.A.; Prosperity Bank; and Wells Fargo Bank, N.A. [hereinafter, "the Checking and Savings Bank Accounts"].

17.     In furtherance of the conspiracy **Sandy Jenkins** and/or **Kay Jenkins** maintained credit card accounts with at least the following operators of credit card systems: American Express Company; American Express Bank, F.S.B.; American Express Centurion Bank; Bank of America, N.A.; Capital One Bank; Capital One N.A.; Capital One Financial Corporation; Chase BankCard Services, Inc.; Citibank, N.A.; FIA Card Services, N.A.; First USA Management Services, Inc.; GE Capital Financial, Inc.; MBNA America Bank, N.A. d/b/a MBNA America; The Neiman-Marcus Group, L.L.C., f/k/a The Neiman-Marcus Group, Inc. [hereinafter, "the Credit Card Accounts"].

18.     In furtherance of the conspiracy, **Sandy Jenkins** and **Kay Jenkins** incurred significant expenditures on the Credit Card Accounts for luxury watches, jewelry, private jet travel, luxury automobiles, among other items, which were paid for using monies embezzled from the Bakery.  As representative examples of the expenditures on the credit cards:

a.     Between 2005 and 2013, **Sandy Jenkins** and **Kay Jenkins** incurred charges totaling approximately $11,120,449.92 on American Express credit cards, which were subsequently paid with monies embezzled from the Bakery as described in Paragraphs 4 through 10 of this Superseding Indictment.  Among other things, the charges

**Superseding Indictment – Page 5 of 20**

included approximately $3.3 million in payments for approximately 223 trips on private jets contracted through North Dallas Aviation to various locations, including Santa Fe, New Mexico; Napa, California; and Aspen, Colorado.

b.    Between 2005 and 2013, **Sandy Jenkins** and **Kay Jenkins** incurred charges totaling approximately $1,941,596.39 on Citibank credit cards, which were subsequently paid with monies embezzled from the Bakery as described in Paragraphs 4 through 10 of this Superseding Indictment.

c.    Between 2005 and 2013, **Sandy Jenkins** and **Kay Jenkins** incurred charges totaling approximately $1,196,773.51 on a Neiman Marcus credit card, which were subsequently paid with monies embezzled from the Bakery as described in Paragraphs 4 through 10 of this Superseding Indictment.

19.    In furtherance of the conspiracy, **Sandy Jenkins** used cash advances drawn against the credit-card accounts to obtain monies that he deposited into the Checking and Savings Accounts for **Sandy Jenkins's** and **Kay Jenkins's** benefit and personal use.

20.    In furtherance of the conspiracy, **Sandy Jenkins** and **Kay Jenkins** wrote checks directly to vendors to pay for luxury items using monies **Sandy Jenkins** embezzled from the Bakery.

21.    In furtherance of the conspiracy, **Sandy Jenkins** and **Kay Jenkins** transferred money between accounts in the form of checks written to each other, depositing money obtained through **Sandy Jenkins's** embezzlement into the Checking and Savings Accounts.

22.    In furtherance of the conspiracy, in or about December 2004, **Sandy**

**Superseding Indictment – Page 6 of 20**

**Jenkins** and **Kay Jenkins** made materially false statements concerning their monthly income in order to obtain mortgage loans to purchase a residence in Santa Fe, New Mexico. Sandy Jenkins used monies embezzled from the Bakery, as described in paragraphs 4 through 10 of this Superseding Indictment, to make monthly mortgage payments on the Santa Fe residence.

All in violation of 18 U.S.C. § 1956(h) (18 U.S.C. § 1957).

## Count Twelve
### Engaging in a Monetary Transaction with Property Derived From Specified Unlawful Activity
#### (Violation of 18 U.S.C. §§ 1957 and 2)

23.    The Grand Jury realleges and incorporates by reference the allegations contained in Paragraphs 1-22 of this Superseding Indictment as if fully set forth herein.

24.    On or about April 9, 2009, in the Northern District of Texas and elsewhere, defendants **Sandy Jenkins** and **Kay Jenkins**, aided and abetted by each other, did knowingly engage and attempt to engage in monetary transactions by, through, or to a financial institution, affecting interstate commerce, in criminally derived property of a value greater than $10,000.00, that is, **Kay Jenkins** deposited Check No. 1050 from **Sandy Jenkins** in the amount of $44,000 into a joint Bank of America bank account (No. x3904) with funds having been derived from a specified unlawful activity, that is, **Sandy Jenkins's** embezzlement from the Bakery as described in Paragraphs 4 through 10 of this Superseding Indictment, in violation of 18 U.S.C. §§ 1957 and 2.

Count Thirteen
Engaging in a Monetary Transaction with
Property Derived From Specified Unlawful Activity
(Violation of 18 U.S.C. §§ 1957 and 2)

25.    The Grand Jury realleges and incorporates by reference the allegations contained in Paragraphs 1-24 of this Superseding Indictment as if fully set forth herein.

26.    On or about November 29, 2010, in the Northern District of Texas and elsewhere, defendants **Sandy Jenkins** and **Kay Jenkins**, aided and abetted by each other, did knowingly engage and attempt to engage in a monetary transaction by, through, or to a financial institution, affecting interstate commerce, in criminally derived property of a value greater than $10,000.00, that is, **Sandy Jenkins** wrote Check No. 1103 in the amount of $28,000 made payable to **Kay Jenkins**, which was deposited into a joint Bank of America Account No. x3904 with funds having been derived from a specified unlawful activity, that is, **Sandy Jenkins's** embezzlement from the Bakery as described in Paragraphs 4 through 10 of this Superseding Indictment, in violation of 18 U.S.C. §§ 1957 and 2.

Counts Fourteen through Seventeen
Engaging in a Monetary Transaction with
Property Derived From Specified Unlawful Activity
(Violation of 18 U.S.C. §§ 1957 and 2)

27.     The Grand Jury realleges and incorporates by reference the allegations contained in Paragraphs 1-26 of this Superseding Indictment as if fully set forth herein.

28.     On or about each of the dates listed below, in the Northern District of Texas and elsewhere, defendants **Sandy Jenkins** and **Kay Jenkins**, aided and abetted by each other, did knowingly engage and attempt to engage in a monetary transaction by, through, or to a financial institution, affecting interstate commerce, in criminally derived property of a value greater than $10,000.00, that is, **Sandy Jenkins** and **Kay Jenkins** chartered private jets through Company A, an entity known to the Grand Jury, for purposes of interstate travel, using funds having been derived from **Sandy Jenkins's** embezzlement from the Bakery as described in Paragraphs 4 through 10 of this Superseding Indictment:

| Count | Date of Payment | Amount | Destination |
|-------|-----------------|--------|-------------|
| 14 | May 21, 2009 | $10,845.60 | **Kay Jenkins** travels from Corsicana, Texas, to Aspen, Colorado |
| 15 | July 11, 2011 | $24,051.38 | **Sandy Jenkins** and **Kay Jenkins** travel from Corsicana, Texas, to Santa Fe, New Mexico |
| 16 | June 28, 2012 | $29,980.68 | **Kay Jenkins** travels from Corsicana, Texas, to Ashland, Wisconsin |
| 17 | Sept. 21, 2012 | $36,664.80 | **Sandy Jenkins** and **Kay Jenkins** travel from Corsicana, Texas, to Napa, California |

All in violation of 18 U.S.C. §§ 1957 and 2.

## Count Eighteen
### Engaging in a Monetary Transaction with
### Property Derived From Specified Unlawful Activity
### (Violation of 18 U.S.C. § 1957)

29.    The Grand Jury realleges and incorporates by reference the allegations contained in Paragraphs 1-28 of this Superseding Indictment as if fully set forth herein.

30.    On or about December 28, 2012, in the Northern District of Texas and elsewhere, defendant **Sandy Jenkins** did knowingly engage and attempt to engage in a monetary transaction by, through, or to a financial institution, affecting interstate commerce, in criminally derived property of a value greater than $10,000, that is, **Sandy Jenkins** purchased a black 2013 GMC Yukon XL Denali automobile for $60,788.80 by check using funds having been derived from a specified unlawful activity, that is, **Sandy Jenkins's** embezzlement from the Bakery as described in Paragraphs 4 through 10 of this Superseding Indictment, in violation of 18 U.S.C. § 1957.

## Count Nineteen
### Engaging in a Monetary Transaction with
### Property Derived From Specified Unlawful Activity
### (Violation of 18 U.S.C. § 1957)

31.     The Grand Jury realleges and incorporates by reference the allegations contained in Paragraphs 1-30 of this Superseding Indictment as if fully set forth herein.

32.     On or about October 22, 2009, in the Northern District of Texas and elsewhere, defendant **Sandy Jenkins** did knowingly engage and attempt to engage in a monetary transaction by, through, or to a financial institution, affecting interstate commerce, in criminally derived property of a value greater than $10,000.00, that is, **Sandy Jenkins** purchased in part a silver 2010 Mercedes-Benz CL550 automobile with a $30,000 check using funds having been derived from a specified unlawful activity, that is, **Sandy Jenkins's** embezzlement from the Bakery as described in Paragraphs 4 through 10 of this Superseding Indictment, in violation of 18 U.S.C. § 1957.

## Count Twenty
### Engaging in a Monetary Transaction with Property Derived From Specified Unlawful Activity
#### (Violation of 18 U.S.C. § 1957)

33.    The Grand Jury realleges and incorporates by reference the allegations contained in Paragraphs 1-32 of this Superseding Indictment as if fully set forth herein.

34.    On or about January 29, 2010, in the Northern District of Texas and elsewhere, defendant **Sandy Jenkins** did knowingly engage and attempt to engage in a monetary transaction by, through, or to a financial institution, affecting interstate commerce, in criminally derived property of a value greater than $10,000.00, that is, **Sandy Jenkins** purchased a men's Patek Philippe 18 karat Rose Gold 40mm Aquanaut watch with mechanical self-winding movement with date, center sweep second hand, embossed chocolate brown dial, and applied gold numerals with luminescent coating for $25,500.00 from deBoulle Diamond & Jewelry, Inc., using funds having been derived from a specified unlawful activity, that is, **Sandy Jenkins's** embezzlement from the Bakery as described in Paragraphs 4 through 10 of this Superseding Indictment, in violation of 18 U.S.C. § 1957.

## Count Twenty One
### False Statement to a Financial Institution
### (Violation of 18 U.S.C. § 1014)

35.    The Grand Jury realleges and incorporates by reference the allegations contained in Paragraphs 1-34 of this Superseding Indictment as if fully set forth herein.

36.    On or about December 29, 2004, in the Northern District of Texas and elsewhere, defendants **Sandy Jenkins** and **Kay Jenkins** knowingly made a false statement and report for the purpose of influencing the action of Bank of America, N.A., whose deposits were then insured by the Federal Deposit Insurance Corporation, in connection with the application for a mortgage loan to purchase 35 Cibola Circle, Santa Fe, New Mexico 87505 in that in the joint Uniform Residential Loan Application defendants **Sandy Jenkins** and **Kay Jenkins** listed a total monthly income of $25,000 when, in truth and fact, as the defendants well knew, **Sandy Jenkins's** and **Kay Jenkins's** total monthly income was far less than $25,000 per month, all in violation of 18 U.S.C. § 1014.

## Count Twenty Two
### False Statement to a Financial Institution
#### (Violation of 18 U.S.C. § 1014)

37.    The Grand Jury realleges and incorporates by reference the allegations contained in Paragraphs 1-36 of this Superseding Indictment as if fully set forth herein.

38.    On or about December 29, 2004, in the Northern District of Texas and elsewhere, defendants **Sandy Jenkins** and **Kay Jenkins** knowingly made a false statement and report for the purpose of influencing the action of Century Bank, whose deposits were then insured by the Federal Deposit Insurance Corporation, in connection with the application for a mortgage loan to purchase 35 Cibola Circle, Santa Fe, New Mexico 87505 in that in the joint Uniform Residential Loan Application defendants **Sandy Jenkins** and **Kay Jenkins** listed a total monthly income of $25,000 when, in truth and fact, as the defendants well knew, **Sandy Jenkins's** and **Kay Jenkins's** total monthly income was far less than $25,000 per month, all in violation of 18 U.S.C. § 1014.

Forfeiture Notice
(18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c); 18 U.S.C. § 982(a)(1))

Upon conviction of the offenses charged in Counts One through Ten of the Superseding Indictment, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), the defendant, **Sandy Jenkins**, shall forfeit to the United States, any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses charged in Counts One through Ten of the Superseding Indictment.

Upon conviction of the offenses charged Counts Eleven through Twenty of the Superseding Indictment, pursuant to 18 U.S.C. § 982(a)(1), the defendants, **Sandy Jenkins** and/or **Kay Jenkins**, shall forfeit to the United States any property, real or personal, involved in the offenses charged in Eleven through Twenty of the Superseding Indictment, or any property traceable to such property.

Upon conviction of the offenses charged in Counts Twenty-One through Twenty-Two of the Superseding Indictment, pursuant to 18 U.S.C. § 982(a)(2), the defendants, **Sandy Jenkins** and/or **Kay Jenkins**, shall forfeit to the United States, any property constituting, or derived from, proceeds the defendant obtained directly or indirectly, as the result of the offenses charged in Counts Twenty-One through Twenty-Two of the Superseding Indictment.

The property subject to forfeiture includes, but is not limited to the following:

### REAL PROPERTY

a.      1235 West Third Avenue, Corsicana, Texas, more particularly described as:

> All of that certain lot, tract or parcel of land in the
> City of Corsicana, Navarro County, Texas, being and

**Superseding Indictment – Page 16 of 20**

designed as Lot Nos. 3 and 4, and 10 feet off the West side of Lot No. 2, and the East ½ of Lot No. 5, all in Block No. 443, according to the Official Map of said City Corsicana, Navarro County, Texas, being more fully described by metes and bounds as follows:

Beginning at a 5/8" iron rod found on the south right of way of West 3rd Avenue and being located at the northwest corner of the east one-half of Lot 5, Block 442;

Thence N60° 00'E 135.00 feet with the south right of way of West 3rd Avenue to a 5/8" iron rod found to the northeast corner of this tract, said point located at the northeast corner of a 10 foot strip of Lot 2;

Thence S30° 00'E 150.00 feet to a fence corner post located at the southeast corner of this tract;

Thence S60° 00'W 135.00 feet to a 3/4" pipe found for the southwest corner of this tract, said point located at the southwest corner of the east one-half of Lot 5;

Thence N30° 00'W 150.00 feet to the place of beginning and containing 0.465 Acre of land;

b.   35 Cibola Circle, Santa Fe, New Mexico, more particularly described as:

All of Lot 41 in Block 1 as shown on Subdivision Plat of survey entitled "Hondo Hills Subdivision," filed for record as Document No. 361499 appearing in Plat Book 33 at page 20, records of Santa Fe County, New Mexico;

c.   And/or the net proceeds from the sale of each real property.

**PERSONAL PROPERTY**

d.   Vehicles seized or surrendered to date:

1. 2010 Mercedes Benz (VIN: WDDEJ8GB9AA024372);

    2.  2005 Lexus (YIN: JTIIFN48Y550066823);

    3.  2013 GMC Denali (YIN: 1GKS2MEF4DR228922); and

    4.  2013 BMW X53 (VIN: 5UXZV4C57DOE00605).

e.    Currency seized or surrendered to date:

    1.  $6,598.99 in United States dollars;

    2.  $3,939.65 cashier's check refund of account balance at deBoulle; and

    3.  $259,990.00 held in the registry of the Court pursuant to the Agreed Order (Dkt. No. 19) and Stipulation (Dkt. No. 23) of the parties;[1]

    4.  $26,130.32 from Bank of America, NA account number ending in 3900;

    5.  $25,257.05 from Bank of America, NA account number ending in 1127;

    6.  $30,967.04 from Bank of America, NA account number ending in 3904;

    7.  $1,707.99 from Bank of America, NA account number ending in 6644;

    8.  Century Bank account numbers ending in 1677 and 5116;[2]

    9.  $6,577.37 from JPMorgan Chase NA account number ending in 1043;

    10. $79,227.42 in National Financial Services, LLC investment account number ending in 4154.

f.    One Steinway Model B-Festival ES Piano (SN: 578848) with Opus 7

---

[1] Less amounts paid to third-party service providers to prepare the real property at 1235 West Third Avenue, Corsicana, Texas for sale pursuant to court order.

[2] Century Bank has set off $20,551.12 from these accounts and applied those funds to reduce the balance of its cross-collateralized Home Equity Agreement for a loan it made to Sandy Jenkins and Kay Jenkins on 35 Cibola Circle, Santa Fe, NM. *See* related filings in *United States v. Real Property, et al.*, No. 3:13-CV-3260 (N.D. Tex.).

Piano Disc.

g.   Electronic equipment:

   1.  One Naim Uniti 192 Music Player;

   2.  Two Wilson Duette Speakers;

   3.  One Compaq Presario Laptop; and

   4.  One Apple iPad.

h.   Firearms:

   1.  One Iver Johnson pistol (SN: J56920);

   2.  One Smith & Wesson Model 642 Airweight revolver (SN: DCL4025);

   3.  One Smith & Wesson revolver (SN: BMB1623);

   4.  One Smith & Wesson revolver (SN: DCX6999-642-2);

   5.  One Magnum Research Micro Desert Eagle pistol (SN: ME10872); and

   6.  One Glock GMBH Model26 semi-automatic pistol (SN: FMC390).

i.   Furs, Jewelry, Precious Gems & Metals, Watches, Handbags, Luggage, Shoes, Crystal, and miscellaneous collectibles more particularly described in Attachment A to the Second Bill of Particulars (Dkt. No. 27).

j.   Wine and liquor collection more particularly described in Attachment B to the Second Bill of Particulars (Dkt. No. 27).

k.   Artwork (10 items) seized from 35 Cibola Circle, Santa Fe, New Mexico more particularly described in Attachment C to the Second Bill of Particulars (Dkt. No. 27).

l.   Watches (two items) seized from deBoulle more particularly described in Attachment C to the Second Bill of Particulars (Dkt. No. 27).

**Superseding Indictment – Page 19 of 20**

Pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c) (regarding Counts One through Ten) and 18 U.S.C. § 982(b) (regarding Counts Eleven through Twenty-Two), if any of the property subject to forfeiture, as a result of any act or omission of either defendant, cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third person; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property which cannot be subdivided without difficulty, the United States intends to seek forfeiture of any other property of the defendant up to the value of the property subject to forfeiture.

A TRUE BILL

_____
FOREPERSON


SARAH R. SALDAÑA
UNITED STATES ATTORNEY


_____
J. NICHOLAS BUNCH
Assistant United States Attorney
Texas Bar No. 24050352
1100 Commerce Street, Third Floor
Dallas, Texas 75242
Telephone: 214.659.8836
Facsimile: 214.767.4100
Email: nick.bunch@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

THE UNITED STATES OF AMERICA

VS.

SANDY JENKINS
KAY JENKINS

## SUPERSEDING INDICTMENT

18 USC § 1341
Mail Fraud;

18 USC § 1956(h)
Conspiracy to Commit Money Laundering;

18 USC §§ 1957 and 2
Engaging in a Monetary Transaction with Property Derived From Specified Unlawful Activity

18 USC § 1014
False Statement to a Financial Institution

18 USC § 981(a)(1)(C); 28 USC § 2461(c); 18 USC § 982(a)(1)
Forfeiture Notice

22 Counts

A true bill rendered:

-------------------------------------------------------------------------------------------------

FORT WORTH                                                          FOREPERSON

Filed in open court this 12th   day of  MARCH, A.D. 2014.

-------------------------------------------------------------------------------------------------

In Federal Custody – Sandy Jenkins;   Warrant to Issue for Kay Jenkins
-------------------------------------------------------------------------------------------------

UNITED STATES DISTRICT JUDGE
(Criminal matter:   3:13-CR-350-K)