IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Case No. 3:13-CR-350-K |
| | § | |
| SANDY JENKINS | § | |

PLEA AGREEMENT

Sandy Jenkins ("Jenkins"), Brett Stalcup (the defendant's attorney), and the United States of America (the government) agree as follows:

1.  **Rights of the defendant**: Jenkins understands that he has the rights

    a.    to plead not guilty;

    b.    to have a trial by jury;

    c.    to have his guilt proven beyond a reasonable doubt;

    d.    to confront and cross-examine witnesses and to call witnesses in his defense; and

    e.    against compelled self-incrimination.

2.  **Waiver of rights and plea of guilty**: Jenkins waives these rights and pleads guilty to the offenses alleged in Counts 1, 11, and 21 of the Superseding Indictment. Count 1 charges a violation of 18 U.S.C. § 1341, that is, Mail Fraud. Count 11 charges a violation of 18 U.S.C. § 1956(h) (18 U.S.C. § 1957), that is, Conspiracy to Commit Money Laundering. Count 21 charges a violation of 18 U.S.C. § 1014, that is, False Statement to a Financial Institution. Jenkins understands the nature and elements of the crimes to which he is pleading guilty, and agrees that the factual resume he has signed

is true and will be submitted as evidence.

3.    **Sentence**: The maximum penalties the Court can impose include:

   a.    imprisonment for a period not to exceed 20 years, on Count 1; imprisonment for a period not to exceed 10 years, on Count 11; and imprisonment for a period not to exceed 30 years, on Count 22, for a total term of imprisonment for a period not to exceed 60 years;

   b.    a fine not to exceed $250,000, or twice any pecuniary gain to the defendant or loss to the victim, on Counts 1 and 11; and a fine not to exceed $1,000,000, or twice any pecuniary gain to the defendant or loss to the victim, on Count 21, for a total fine not to exceed $1,500,000, or twice any pecuniary gain to the defendant or loss to the victim;

   c.    a term of supervised release of not more than five years, which may be mandatory under the law and will follow any term of imprisonment.  If Jenkins violates the conditions of supervised release, he could be imprisoned for the entire term of supervised release;

   d.    a mandatory special assessment of $100, on each count of conviction, for a total of $300;

   e.    restitution to victims or to the community, which is mandatory under the law, and which Jenkins agrees may include restitution arising from all relevant conduct, not limited to that arising from each offense of conviction alone;

   f.    forfeiture; and

   g.    costs of incarceration and supervision.

4.    **Court's sentencing discretion and role of the Guidelines**: Jenkins understands that the sentence in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines.  The guidelines are not binding on the Court, but are advisory only.  Jenkins has reviewed the guidelines with his attorney, but understands no one can predict with certainty the outcome of the Court's consideration of

the guidelines in this case. Jenkins will not be allowed to withdraw his plea if his sentence is higher than expected. Jenkins fully understands that the actual sentence imposed (so long as it is within the statutory maximum) is solely in the discretion of the Court.

5.      **Mandatory special assessment**: Jenkins understands that persons convicted of crimes are required to pay a mandatory special assessment of $100.00 per felony count of conviction. Jenkins agrees to submit a certified check or money order payable to the Clerk of the Court, United States District Court for the Northern District of Texas, in the amount of $300 upon entry of this plea agreement.

6.      **Forfeiture and Restitution**. Jenkins agrees to entry of a forfeiture money judgment against him in the amount of at least $16,649,786.91 or such greater amount as the Court may reasonably order, direct forfeiture of all proceeds of the fraud and any property derived therefrom, and all of his other property and rights to property, real or personal, by forfeiture as substitute assets under 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

Jenkins consents to the immediate assignment, forfeiture, transfer, or other disposition of his right, title, and interest in all property and further agrees to the interlocutory sale of property at the discretion of the government. Jenkins agrees that he will not assert a claim to any property or otherwise impede any efforts to liquidate or dispose of any property.

Jenkins agrees to fully cooperate with the government in the liquidation of assets to be applied towards restitution to the victim of his crime, to execute any and all

documents necessary to transfer title of any assets available to satisfy restitution, to release any and all right, title, and interest he may have in and/or to such property, and waives his rights to exemptions upon levy against and sale of any such property by execution of the restitution lien provided by 18 U.S.C. § 3613.

Jenkins fully understands that forfeiture and restitution are separate and distinct financial obligations that may be imposed upon a criminal defendant. Jenkins understands that there is a restoration process within the Department of Justice whereby, in certain circumstances, forfeited funds may be applied to restitution obligations. Jenkins affirms that no one has made any promises to him that the restoration process will result in a decrease of his restitution obligations in this case.

Jenkins agrees to make good-faith efforts toward payment of all monetary obligations imposed by the Court by whatever means he has at his disposal and further agrees that failure to do so will constitute a violation of this plea agreement. Defendant understands and agrees that any and all monetary impositions made by the Court will be due immediately and subject to immediate enforcement by the government as provided for by statute. Jenkins understands that if the Court imposes a schedule of payments, that schedule is merely the defendant's minimum obligation and neither the only method, not a limitation on the remedies, available to the United States to enforce the judgment.

7.      **Amount of Restitution**. Jenkins understands that the Court must, pursuant to 18 U.S.C. §§ 3663A-3664, order restitution to the victim in the full amount of the victim's losses as determined by the Court, and without consideration of his economic circumstances. As part of the plea agreement, Jenkins agrees to pay full restitution to the

victim, The Collin Street Bakery, Inc. Jenkins agrees to pay restitution for the entire scope of his criminal conduct, including but not limited to, all matters included as relevant conduct. The full amount of the victim's losses may not be ascertainable until after completion of the pre-sentence report and/or sentencing hearing. Pursuant to 18 U.S.C. § 3664(j)(2), the parties agree to jointly recommend to the Court that the Clerk of the Court offset the full restitution ordered by the value of the property returned to the victim pursuant to 18 U.S.C. § 3664(f)(4) and amounts that the victim has already recovered from Jenkins and elsewhere. Pursuant to 18 U.S.C. § 3664(d)(1), the government will confer with the victim to provide the United States Probation Office the full amount of the victim's loss and the amount recovered to be offset from the total restitution figure at sentencing. Jenkins understands and agrees that any dispute as to the proper amount will be resolved by the Court by preponderance of the evidence at sentencing in accordance with 18 U.S.C. § 3664(e).

8. **Transfer of Assets**. Jenkins agrees to make financial disclosures that specifically identify all assets held individually or jointly, directly or indirectly, valued at more than $1,000 which have been transferred to third parties since the date which is 90 days prior to the date of indictment, including the location of assets and the identity of the third parties holding such assets, including any trusts and/or business entities. Additionally, Jenkins agrees to notify the United States Attorney's Office before he transfers any interest in property owned directly or indirectly by Jenkins, including any interest held or owned in any other name, including all forms of business entities and trusts.

9.    **Life and Limits of Agreement**.  Jenkins understands and agrees that the financial reporting obligations herein will remain in full force and effect until his liability to pay any fine or restitution order has expired or been satisfied under 18 U.S.C. § 3613. Except as expressly set forth in this agreement, nothing herein shall constitute a limitation, waiver, or release by the United States or any of its agencies of any administrative or judicial civil claim, demand, or cause of action it may have against the defendant or any other person or entity.  The terms of this agreement are limited to the United States Attorney's Office for the Northern District of Texas and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities.

10.    **Treasury Offset Program**.  Jenkins understands and agrees that, upon sentencing, the government may refer his judgment debt to the Treasury Offset Program to offset funds otherwise payable to the defendant from any federal agency, including the Internal Revenue Service and the Social Security Administration, to apply those funds to his outstanding fine or restitution balance until his liability to pay any fine or restitution order has expired or been satisfied under 18 U.S.C. § 3613.

11.    **Financial Statement**.   Jenkins agrees to truthfully complete a financial statement form provided by the United States Attorney's Office.  Jenkins shall date and sign the form under penalty of perjury to certify that his financial statement fully and completely discloses his financial condition, including all assets owned or held directly or indirectly, individually or jointly, or in which he has any legal interest, regardless of title, including any interest held or owned under any other name, trusts, and/or business entities.  Jenkins shall provide the fully executed financial statement within 30 days of his

signature on this plea agreement, and thereafter, Jenkins shall notify the United States Attorney's Office and update the financial statement regarding any material change in his economic circumstances within 5 days of the event changing his financial condition. Jenkins understands and agrees that his financial statement will be used for the collection of any fine or restitution ordered by the Court and for the identification of any property subject to forfeiture. The parties agree that the defendant's failure to timely and accurately complete and sign a financial statement, and any update thereto may, in addition to any other penalty or remedy authorized by law, constitute the defendant's failure to accept responsibility under USSG § 3E1.1.

12. **Defendant's Agreement**. Jenkins shall give complete and truthful information and/or testimony concerning his participation in the offenses of conviction. Upon demand, Jenkins shall submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding his capacity to satisfy any fines or restitution. Jenkins expressly authorizes the United States Attorney's Office to immediately obtain a credit report on him in order to evaluate his ability to satisfy any financial obligation imposed by the Court. Jenkins fully understands that any financial obligation imposed by the court, including a restitution order and/or the implementation of a fine, is due and payable immediately. In the event the Court imposes a schedule for payment of restitution, Jenkins agrees that such a schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy his full and immediately enforceable financial obligation. Jenkins understands that he has a continuing obligation

to pay in full as soon as possible any financial obligation imposed by the Court.

13.    **Government's agreement**:  The government will not bring any additional charges against Jenkins based upon the conduct underlying and related to the defendant's plea of guilty.  The government will file a Supplement in this case, as is routinely done in every case, even though there may or may not be any additional terms.  This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against Jenkins or any property.

14.    **Violation of agreement**:  Jenkins understands that if he violates any provision of this agreement, or if his guilty plea is vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute Jenkins for all offenses of which it has knowledge.  In such event, Jenkins waives any objections based upon delay in prosecution.  If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, Jenkins also waives objection to the use against him of any information or statements he has provided to the government, and any resulting leads.

15.    **Voluntary plea**:  This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement.  There have been no guarantees or promises from anyone as to what sentence the Court will impose.

16.    **Waiver of right to appeal or otherwise challenge sentence**:  Jenkins waives his rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal the

conviction, sentence, fine and/or order of restitution or forfeiture in an amount to be determined by the district court. He further waives his right to contest the conviction, sentence, fine and/or order of restitution or forfeiture in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. Jenkins, however, reserves the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of his plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

17.    **Representation of counsel**: Jenkins has thoroughly reviewed all legal and factual aspects of this case with his lawyer and is fully satisfied with that lawyer's legal representation. Jenkins has received from his lawyer explanations satisfactory to him concerning each paragraph of this plea agreement, each of his rights affected by this agreement, and the alternatives available to him other than entering into this agreement. Because he concedes that he is guilty, and after conferring with his lawyer, Jenkins has concluded that it is in his best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

----- NOTHING FURTHER ON THIS PAGE -----

18.    **Entirety of agreement**:  This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties.

AGREED TO AND SIGNED this 25th day of April, 2014.

SARAH R. SALDAÑA
UNITED STATES ATTORNEY


_____
SANDY JENKINS
Defendant

_____
J. NICHOLAS BUNCH
Assistant United States Attorney
Texas Bar No. 24050352
1100 Commerce, Suite 300
Dallas, Texas 75242
Telephone: 214.659.8836
Facsimile: 214.767.4104
nick.bunch@usdoj.gov


_____
BRETT STALCUP
Attorney for Defendant

_____
LINDA GROVES
Deputy Criminal Chief

I have read (or had read to me) this Plea Agreement and have carefully reviewed every part of it with my attorney.  I fully understand it and voluntarily agree to it.


_____            _____
SANDY JENKINS                                                    DATE
Defendant



I am the defendant's counsel.  I have carefully reviewed every part of this Plea Agreement with the defendant.  To my knowledge and belief, my client's decision to enter into this Plea Agreement is an informed and voluntary one.


_____            _____
BRETT STALCUP                                                    DATE
Attorney for Defendant
Sandy Jenkins