IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Case No. 3:13-CR-350-K |
| | § | |
| SANDY JENKINS (01) | § | |
| KAY JENKINS (02) | § | |

MOTION FOR CONSOLIDATION OF SENTENCING HEARINGS

The government moves for a continuance of Sandy Jenkins's sentencing hearing so that it may occur at the same time as the sentencing hearing for codefendant Kay Jenkins.  In support thereof, the government respectfully shows the Court as follows:

1.      This is a massive corporate embezzlement case.  Over the course of approximately eight years, Sandy Jenkins embezzled over $16 million from his employer, the Collin Street Bakery.  Then, Sandy Jenkins and his codefendant wife, Kay Jenkins, used the unlawful proceeds to fund an incredibly lavish lifestyle.

2.      Both Sandy Jenkins and Kay Jenkins have pled guilty.  Sandy Jenkins pled guilty pursuant to a plea agreement to (a) mail fraud; (b) conspiracy to commit money laundering; and (c) false statement to a financial institution.  Kay Jenkins pled guilty pursuant to a plea agreement to conspiracy to commit money laundering stemming from her participation, with Sandy Jenkins, in the spending of unlawful proceeds from Sandy Jenkins's embezzlement.

3.      Sandy Jenkins's PSR has been completed and the time period for objections has expired.  Neither the government or Sandy Jenkins filed objections to the PSR.

**Motion for Continuance and Consolidation of Sentencing Hearings – Page 1 of 5**

Sandy Jenkins is set for sentencing on June 24, 2015. (Dkt. 77.) Kay Jenkins only recently entered her plea of guilty. (*See* dkt. 84.) The PSR in Kay Jenkins's case is due August 12, 2015, with sentencing on September 16, 2015. (Dkt. 88.)

4.    The government seeks to continue Sandy Jenkins's sentencing hearing and consolidate it with the sentencing hearing for Kay Jenkins. The government believes consolidation will save judicial resources and allow all parties to present evidence and testimony concerning potentially disputed issues, including restitution and forfeiture and relative culpability.

5.    First, the government has seized a significant amount of evidence and property in the case. As part of both Sandy Jenkins's and Kay Jenkins's plea agreements, the government intends to turn over certain items to the victim as part of restitution in this case. In particular, each plea agreement provides that each defendant "agrees to pay restitution for the entire scope of his [her] criminal conduct, including but not limited to, all maters included as relevant conduct." Moreover, both agreements state that "[p]ursuant to 18 U.S.C. § 3664(j)(2), the parties agree to jointly recommend to the Court that the Clerk of the Court offset the full restitution ordered by the value of the property returned to the victim pursuant to 18 U.S.C. § 3664(f)(4) and amounts that the victim has already recovered from Jenkins and elsewhere." The parties agree that any dispute as to the amount "will be resolved by the Court by preponderance of the evidence at sentencing in accordance with 18 U.S.C. § 3664(e)."

6.    At this stage, the government does not know whether there is any dispute between the parties concerning the value of the assets to be turned over to the victim. If

**Motion for Continuance and Consolidation of Sentencing Hearings – Page 2 of 5**

there is a dispute, then whatever value the Court determines based on the evidence should be applied in the same manner to Sandy Jenkins's restitution obligation and Kay Jenkins's restitution obligation.  If the Court holds separate sentencing hearings, then the Court may end up duplicating work or creating unnecessary additional work depending on the arguments of the parties.  Further, if Kay Jenkins's is not present at Sandy Jenkins's sentencing hearing, and the Court sets a value on the property to be turned over, Kay Jenkins would not have had an opportunity to be heard on that matter at her sentencing.  Further, the government does not want to present the same evidence twice.

7.      Moreover, the government suggests that the Court hear from all parties at sentencing at the same time to assess the relative culpability of both Sandy Jenkins and Kay Jenkins.  The government anticipates that representatives from the victim will attend the sentencing hearing and will make a statement concerning the impact of the crimes on the Bakery.  Consolidating the hearings will avoid an unnecessary trip for the Bakery (although the government is certain the Bakery representatives will attend multiple hearings and desire to make statements at both if that is the Court's decision).

8.      Government counsel conferred with counsel for Sandy Jenkins and counsel for Kay Jenkins.  The government reports that as to Sandy Jenkins, this motion is unopposed.  The government reports that as to Kay Jenkins, this motion is opposed.

**----- NOTHING FURTHER ON THIS PAGE -----**

9.      For the reasons stated herein, the government respectfully asks that Sandy

Jenkins's sentencing hearing be continued until and consolidated with the sentencing

hearing for codefendant Kay Jenkins.

Dated: June 10, 2015                        JOHN R. PARKER
                                            ACTING UNITED STATES ATTORNEY

                                            */s/ J. Nicholas Bunch*
                                            J. NICHOLAS BUNCH
                                            Assistant United States Attorney
                                            Texas Bar No. 24050352
                                            1100 Commerce, Suite 300
                                            Dallas, Texas 75242
                                            Telephone: 214.659.8836
                                            Facsimile: 214.767.4104
                                            nick.bunch@usdoj.gov

**Motion for Continuance and Consolidation of Sentencing Hearings – Page 4 of 5**

## CERTIFICATE OF SERVICE

I hereby certify that on June 10, 2015, I electronically filed the foregoing document with the Clerk of Court for the United States District Court for the Northern District of Texas using the electronic filing system of the Court.  The electronic case filing system will send a notice of filing to all the attorneys of record who have consented to such service.

/s/ J. Nicholas Bunch
J. NICHOLAS BUNCH
Assistant United States Attorney

## CERTIFICATE OF CONFERENCE

I hereby certify that I conferred via email with counsel for Sandy Jenkins, who confirmed that this motion was unopposed.  I further certify that counsel for Kay Jenkins, in response to an email the government sent to the Court's deputy clerk, stated Kay Jenkins's opposition to the relief requested herein.

/s/ J. Nicholas Bunch
J. NICHOLAS BUNCH
Assistant United States Attorney