# United States District Court

Northern District of Texas Dallas Division

| | |
|---|---|
| UNITED STATES OF AMERICA | § **JUDGMENT IN A CRIMINAL CASE** |
| | § |
| v. | § |
| | § Case Number: **3:13-CR-00350-K (02)** |
| **KAY JENKINS** | § USM Number: **47876-177** |
| | § |
| | § **Joe Kendall and Jody Rudman** |
| | § Defendant's Attorney |

## THE DEFENDANT:

| | | |
|---|---|---|
| ☐ | pleaded guilty to count(s) | |
| ☒ | pleaded guilty to count(s) before a U.S. Magistrate Judge, which was accepted by the court. | **To Count 11 of the Indictment filed on March 12, 2014.** |
| ☐ | pleaded nolo contendere to count(s) which was accepted by the court | |
| ☐ | was found guilty on count(s) after a plea of not guilty | |

The defendant is adjudicated guilty of these offenses:

| Title & Section / Nature of Offense | Offense Ended | Count |
|---|---|---|
| **18 USC § 1956(h)[18 USC § 1957]  -  Conspiracy to Commit Money Laundering** | **03/12/2014** | **11** |

The defendant is sentenced as provided in pages 2 through 5 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐   The defendant has been found not guilty on count(s)

☒   **The remaining Counts of the Indictment filed on March 12, 2014 are dismissed on the motion of the United States.**

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**September 16, 2015**
Date of Imposition of Judgment

*Ed Kinkeade*
Signature of Judge

**Ed Kinkeade, United States District Judge**
Name and Title of Judge

**September 17, 2015**
Date

AO 245B (Rev. TXN 10/12) Judgment in a Criminal Case                                    Judgment -- Page 2 of 5

DEFENDANT:          KAY JENKINS
CASE NUMBER:        3:13-CR-00350-K (02)

# PROBATION

The defendant is hereby sentenced to probation for a term of:

**FIVE (5) Years.**

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance.  The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the court.

☒  The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check if applicable.)*

☒  The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check if applicable.)*

☒  The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check if applicable.)*

☐  The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐  The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF PROBATION

1.  the defendant shall not leave the judicial district without the permission of the court or probation officer;
2.  the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3.  the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4.  the defendant shall support his or her dependents and meet other family responsibilities;
5.  the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6.  the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7.  the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8.  the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9.  the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11. the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. TXN 10/12) Judgment in a Criminal Case                     Judgment -- Page 3 of 5

DEFENDANT:           KAY JENKINS
CASE NUMBER:         3:13-CR-00350-K (02)

# SPECIAL CONDITIONS OF PROBATION

**Pursuant to the Mandatory Victims Restitution Act of 1996, the defendant is ordered to pay restitution in the amount of $12,697,921.79, joint and several with Sandy Jenkins (01), payable to the U.S. District Clerk, 1100 Commerce Street, Room 1452, Dallas, Texas. Restitution shall be payable immediately and any unpaid balance shall be payable during incarceration. Restitution shall be disbursed to:**

**The Collin Street Bakery**
**c/o: Craig Harris, attorney**
**Hiersche, Hayward, Drakeley & Urbach, P.C.**
**$12,695,405.03**
**Reference No. 3:13-CR-350(01)**

**Century Bank**
**$2,516.76**
**Re: 35 Cibola Circle, Santa Fe, New Mexico**

**The defendant shall make payments on such unpaid balance in monthly installments of not less than 10 percent of the defendant's gross monthly income, or at a rate of not less than $50 per month, whichever is greater. Payment shall begin no later than 60 days from the date of Judgment and shall continue each month thereafter until the balance is paid in full. In addition, at least 50 percent of the receipts received from gifts, tax returns, inheritances, bonuses, lawsuit awards, and any other receipt of money shall be paid toward the unpaid balance within 15 days of receipt. This payment plan shall not affect the ability of the United States to immediately collect payment in full through garnishment, the Treasury Offset Program, the Inmate Financial Responsibility Program, the Federal Debt Collection Procedures Act of 1990 or any other means available under federal or state law. Further, it is ordered that interest on the unpaid balance is waived pursuant to 18 USC § 3612(f)(3).**

**The defendant shall pay any remaining balance of restitution in the amount of $12,697,921.79, as set out in this Judgment.**

**The defendant shall provide to the probation officer complete access to all business and personal financial information.**

**The defendant shall provide 100 hours of community service to be completed within the first 3 years of probation.**

**The defendant shall write a letter of apology to the victim in this case Collin Street Bakery and provide a copy of the letter to the Court through the probation officer.**

AO 245B (Rev. TXN 10/12) Judgment in a Criminal Case                                                    Judgment -- Page 4 of 5

DEFENDANT:          KAY JENKINS
CASE NUMBER:        3:13-CR-00350-K (02)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|         | Assessment | Fine | Restitution |
|---------|-----------:|-----:|------------:|
| **TOTALS** | $100.00 | $.00 | $12,697,921.79 |

☐   The determination of restitution is deferred until      An *Amended Judgment in a Criminal Case (AO245C)* will be entered
    after such determination.

☒   **The defendant must make restitution (including community restitution) to the following payees in the amount listed
    below.**

**If the defendant makes a partial payment, each payee shall receive an approximately proportioned
payment.  However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the
United States is paid.**

**Restitution of $12,697,921.79, jointly and severally with co-defendant Sandy Jenkins (3:13-cr-00350-1), to:**

**Collin Street Bakery**
**$12,695,405.03**

**Century Bank**
**$2,516.76**

☐   Restitution amount ordered pursuant to plea agreement $

☐   The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before
    the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f).  All of the payment options on Sheet 6 may be
    subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☒   The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☒   the interest requirement is waived for the      ☐   fine              ☒   restitution

    ☐   the interest requirement for the               ☐   fine              ☐   restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after
September 13, 1994, but before April 23, 1996.

AO 245B (Rev. TXN 10/12) Judgment in a Criminal Case                                    Judgment -- Page 5 of 5

DEFENDANT:          KAY JENKINS
CASE NUMBER:        3:13-CR-00350-K (02)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A**  ☐  Lump sum payments of $ _____ due immediately, balance due

   ☐  not later than _____ , or

   ☐  in accordance  ☐  C,   ☐  D,   ☐  E, or   ☐  F below; or

**B**  ☒  Payment to begin immediately (may be combined with   ☐  C,   ☐  D, or   ☐  F below); or

**C**  ☒  **Payment in equal monthly** *(e.g., weekly, monthly, quarterly)* **installments of at least $50.00,**
      **to commence 60 days** *(e.g., 30 or 60 days)* **after the date of this judgment; or**

**D**  ☐  Payment in equal 20 *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of
      _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment
      to a term of supervision; or

**E**  ☐  Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release
      from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that
      time; or

**F**  ☒  Special instructions regarding the payment of criminal monetary penalties:
      **It is ordered that the Defendant shall pay to the United States a special assessment of $100.00 for Count 11 which**
      **shall be due immediately.  Said special assessment shall be paid to the Clerk, U.S. District Court.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is
due during imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons'
Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☒  Joint and Several
   See above for Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and
   Several Amount, and corresponding payee, if appropriate.

   **3:13-CR-350-K (01) – Sandy Jenkins  $12,697,921.79**

   ☐ Defendant shall receive credit on her restitution obligation for recovery from other defendants who contributed to the same
   loss that gave rise to defendant's restitution obligation.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal,
(5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

**The Court ORDERS that the Government (FBI, U.S. Marshal or any other agency, state or federal) in**
**possession and/or custody and control of any item seized as part of this case, shall turn over those items to**
**Collin Street Bakery or its designee, as soon as practical.**